IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB FOX | : |
| | : INDIVIDUAL ACTION FOR UNPAID |
| Plaintiff, | : OVERTIME UNDER FLSA |
| | : |
| v. | : INDIVIDUAL ACTION FOR UNPAID |
| | : OVERTIME AND UNPAID WAGES |
| KEVIN BERRY | : UNDER PENNSYLVANIA MINIMUM |
| c/o KMB PLUMBING & ELECTRICAL, INC. | : WAGE ACT AND PENNSYLVANIA WAGE |
| | : PAYMENT AND COLLECTION LAW |
| and | : NO. |
| | : |
| TPRSK, LLC D/B/A KMB PLUMBING & | : JURY TRIAL DEMANDED |
| ELECTRICAL, INC. | : |
| | : |
| Defendants. | : |

## CIVIL ACTION COMPLAINT

Plaintiff Jacob Fox (hereinafter "Plaintiff Fox"), by and through undersigned counsel, hereby complains as follows against Defendant Kevin Berry (hereinafter referred to as "Defendant Berry") and Defendant TPRSK, LLC d/b/a KMB Plumbing & Electrical, Inc. (hereinafter "Defendant KMB") (hereinafter collectively referred to as "Defendants").

## INTRODUCTION

1. Plaintiff has initiated the instant action to redress Defendants' violations of the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act and Pennsylvania Wage Payment and Collection Law (hereinafter collectively "Pennsylvania Wage Laws"). Plaintiff asserts that Defendants failed to pay him proper overtime compensation in violation of the FLSA and Pennsylvania Wage Laws.

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court, in accordance with 28 U.S.C. § 1331, has original subject matter jurisdiction over related state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

4. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and with this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

5. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Plaintiff is an adult individual with an address of 1115 Dreher Avenue, Stroudsburg, Pennsylvania 18360.

8. Defendant Berry is an adult individual with an address of 223 Truss Road, Stroudsburg, Pennsylvania 18360.

9. Defendant Berry is the present owner of TPRSK, LLC d/b/a KMB Plumbing & Electrical, Inc. (Defendant KMB).

10. Defendant KMB is a company that operates in Pennsylvania with an address of 223 Truss Road, Stroudsburg, Pennsylvania 18360.

11. At all times relevant herein, Defendants acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein as if set forth in full.

13. From in or around November 2017 until in or around March 2019, Plaintiff Fox worked for Defendants as an Electrician.

14. Plaintiff did not have the authority to hire or fire other employees of Defendants during their employment.

15. At no time did Plaintiff's primary duties consist of the performance of office or non-manual work directly related to management or general business operations, nor did Plaintiff exercise discretion or independent judgment over matters of significance on behalf of Defendants.

16. Plaintiff's primary duties were the performance of manual labor tasks.

17. At all times relevant herein, Defendants compensated Plaintiff on an hourly basis.

18. Accordingly, at all times relevant herein Plaintiff was a non-exempt employee entitled to overtime compensation as required by FLSA and the Pennsylvania Wage laws.

19. At all times relevant herein, Defendants paid Plaintiff straight time for all hours worked, even those in excess of 40 in a workweek.

20. Defendants' decision to pay Plaintiff only straight time for the hours he worked in excess of forty (40) in a workweek caused Defendants not to pay Plaintiff one and one half (1.5) times their regular rates of pay for said hours worked in excess of forty (40) in a workweek.

21. Upon his hire, Defendants paid Plaintiff an hourly rate of $17.00 per hour.

22. In or around January 2018, Defendants increased Plaintiff's hourly rate to $18.00.

23. Plaintiff regularly worked at least fifty (50) hours per workweek.

24. Defendants failed to pay Plaintiff one and one half times his regular rate of pay for the hors he worked in excess of 40 hours in a workweek.

25. By way of example only, for the week pay period beginning on October 19, 2018 and ending on October 25, 2018 (A true and correct copy of this pay stub is attached hereto as Exhibit B):

   a. Plaintiff worked 62 hours.

   b. Defendants paid Plaintiff $1,116.00.

   c. Despite the fact that Plaintiff worked overtime hours during this pay period, Defendants failed to pay him any overtime compensation at one and one-half (1.5) times his regular rate of pay.

26. As a result of Defendants' aforesaid illegal actions, Plaintiff has suffered damages.

**COUNT I**
**Violations of the Fair Labor Standard Act (FLSA)**
**Plaintiff v. Defendants**
**(Failure to Pay Proper Overtime Compensation)**

27. The foregoing paragraphs are incorporated herein as if set forth in full.

28. At all times relevant herein, Defendants were "employers" within the meaning of the FLSA.

29. At all times relevant herein, Defendants were responsible for paying wages to Plaintiff.

30.     At all times relevant herein, Plaintiff was employed with Defendants as and "employee" within the meaning of the FLSA.

31.     Under the FLSA, an employer must pay an employee at least one and one half (1.5) times his or her regular rate of pay for each hour worked in excess of forty (40) hours per workweek.

32.     Defendants' violations of the FLSA include, but are not limited to, not paying Plaintiff at least 1.5 times his regular rate of pay for all hours worked in excess of forty (40) hours per workweek as explained *supra*.

33.     Defendants' conduct in failing to properly pay Plaintiff was willful and was not based upon any reasonable interpretation of the law.

34.     Defendants' conduct caused Plaintiff to suffer damages.

## COUNT II
### Violations of the Pennsylvania Wage Laws
### Plaintiff v. Defendants
**(Failure to Pay Overtime Compensation)**

35.     The foregoing paragraphs are incorporated herein as if set forth in full.

36.     At all times relevant herein, Defendants were "employers" within the meaning of the Pennsylvania Wage Laws.

37.     At all times relevant herein, Defendants were responsible for paying wages to Plaintiff.

38.     At all times relevant herein, Plaintiff was employed with Defendants as an "employee" within the meaning of the Pennsylvania Wage Laws.

39. Under the Pennsylvania Wage Laws, an employer must pay an employee at least one and one half (1.5) times his or her regular rate of pay for each hour worked in excess of forty (40) hours per workweek.

40. Defendants' conduct in failing to pay Plaintiff proper overtime compensation for all hours worked beyond forty (40) per workweek violated the Pennsylvania Wage Laws.

41. Defendants' conduct in failing to properly pay Plaintiff was willful and was not based upon any reasonable interpretation of the law.

42. Defendants' conduct caused Plaintiff to suffer damages.

### COUNT III
### Violations of the Pennsylvania Wage Laws
### Plaintiff v. Defendants
(Failure to Pay Wages Earned)

43. The foregoing paragraphs are incorporated herein as if set forth in full.

44. Defendants' conduct in failing to pay Plaintiff all wages earned violated the Pennsylvania Wage Laws.

45. Defendants' conduct caused Plaintiff to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain its illegal policy, practice or custom in violation of federal and state law;

B. Defendants are to compensate, reimburse, and make Plaintiff whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions;

C. Plaintiff is to be awarded liquidated damages for Defendants' illegal actions, as provided under applicable law;

   D.  Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided under applicable law;

   E.  Plaintiff is to be awarded any and all other equitable and legal relief as the Court deems appropriate.

              Respectfully submitted,

              *s/ Kathleen E. Walters*
              Kathleen E. Walters, Esquire
              Leeth and Gaglione, LLC
              513 Main Street, 2nd Floor
              P.O. Box 150
              Stroudsburg, PA 18360
              Telephone: (570) 421-7282
              Facsimile: (570) 300-2354

Dated: October 28, 2020

## DEMAND TO PRESERVE EVIDENCE

Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, driver logs, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spreadsheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

# EXHIBIT A

| Employee | | | | | Status (Fed/State) | Allowances/Extra 001837 |
|---|---|---|---|---|---|---|
| Jacob Fox, 1141 North 5th Street, Sstroudsburg, PA 18360 | | | | | Single/Withhold | Fed-0/0/PA-0/0 |
| | | | | | Pay Period: 10/19/2018 - 10/25/2018 | Pay Date: 10/30/2018 |

| Earnings and Hours | Hours | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Hourly | 62.00 | 18.00 | 1,116.00 | 32,889.00 |

| Taxes | Current | YTD Amount |
|---|---|---|
| Medicare Employee Addl Tax | 0.00 | |
| LST | 0.00 | -266.08 |
| EIT | -26.78 | -699.30 |
| Federal Withholding | -152.00 | -3,871.52 |
| Social Security Employee | -69.19 | -2,039.12 |
| Medicare Employee | -16.18 | -476.89 |
| PA - Withholding | -34.26 | -1,010.14 |
| PA - Unemployment Employee | -0.67 | -19.73 |
| | -299.08 | -8,382.78 |

| Adjustments to Net Pay | Current | YTD Amount |
|---|---|---|
| Child Support | -237.23 | -9,427.61 |
| Advance | 0.00 | -111.72 |
| | -237.23 | -9,539.33 |

| Net Pay | 579.69 | 14,966.89 |
|---|---|---|

KMB Plumbing and Electrical, PO Box 664, Stroudsburg, PA 18360, TPRSK LLC

Powered by Intuit Payroll