## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JACOB FOX,                                   :
                                             :
            Plaintiff,                       :
      v.                                     :      3:20-CV-1998
                                             :      (JUDGE MARIANI)
KEVIN BERRY                                  :
c/o KMB PLUMBING & ELECTRICAL, INC. :
and TPRSK, LLC d/b/a KMB PLUMBING & :
ELECTRICAL, INC.,                            :
                                             :
            Defendants.                      :

## MEMORANDUM OPINION

### I. PROCEDURAL HISTORY

On October 28, 2020, Plaintiff, Jacob Fox, brought suit against Defendants Kevin

Berry c/o KMB Plumbing & Electrical, Inc. and TPRSK, LLC d/b/a KMB Plumbing &

Electrical, Inc., alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §

201, *et seq.*, the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101 *et seq.*, and the

Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.*  Plaintiff's

Complaint alleges, *inter alia*, that he worked "from in and around November 2017 until in or

about March 2019 as an electrician for the Defendants." (Doc. 1, ¶ 12).  Plaintiff alleges

that he was "a non-exempt employee entitled to overtime compensation as required by

FLSA and Pennsylvania Wage laws." (*Id*. at ¶ 18).  Plaintiff further alleges that at all

relevant times the Defendants paid him "straight time for all hours worked, even those in

excess of 40 in a workweek." (*Id*. at ¶ 19).  He accordingly alleges that he was not

compensated at one and one-half times his regular rate of pay for all hours worked in excess of 40 in a workweek.  (*Id*. at ¶ 20).   Plaintiff further alleges that his hourly rate was increased to $18.00/hour in January of 2018; that he regularly worked at least 50 hours per workweek and that the Defendants failed to pay him one and one-half times his regular rate of pay for the hours he worked in excess of 40 hours in a workweek.  (*Id*. at ¶¶ 22-24).

Based on these allegations the Plaintiff asserts a claim for a violation of the FLSA in Count I, a violation of the Pennsylvania requirement for the payment of overtime as set forth in § 333.104(c) of the Pennsylvania Minimum Wage Law in Count II, and a violation of the Pennsylvania Wage Payment and Collection Law in Count III.

In response to the Plaintiff's Complaint, Defendants filed a "Motion to Compel Arbitration and Stay Proceedings Pursuant to F.R.C.P. 12(b)(6)" on December 22, 2020. (Doc. 6).  Plaintiff filed his brief in opposition to the motion (Doc. 7) on January 5, 2021, and Defendants did not file a Reply brief.  Thus, Defendants' Motion is is now ripe for decision.

For the reasons that follow the Court will deny the Defendants' Motion to Compel Arbitration without prejudice to its renewal through a motion under Fed. R. Civ. P. 56 which may be filed after discovery is undertaken to fully develop the record with respect to the existence of a valid agreement to arbitrate.

## II. THE CONTENTIONS OF THE PARTIES

Defendant's Motion to Compel Arbitration alleges that the Plaintiff "is a former independent contractor and also former employee of Defendants."  (Doc. 6, ¶ 2).  In

2

addition, Defendants assert that Fox's employment is governed by a "Non-Compete and Confidential Information Agreement" dated December 24, 2018, (*id*. at ¶ 6), which Defendants attached to their Motion.  Defendants assert that Fox "executed the Agreement and agreed to its provisions."  (*Id*. at ¶ 9).  Defendants then assert a "valid Agreement to arbitrate exists"; that the dispute falls within the scope of the arbitration agreement, and that accordingly Plaintiff "must be compelled to arbitrate his employment claims with Defendants pursuant to the Arbitration clause in the Agreement." (*Id*. at ¶¶ 10-12).

The Non-Compete and Confidential Information Agreement attached to Defendants' Motion to Compel Arbitration provides in § VII, entitled "Arbitration of Disputes", as follows:

A.  All disputes over the terms of this Agreement, or any other work-related dispute between the parties, shall be submitted to arbitration in the event it is not resolved among the parties within sixty (60) days from the date of notification of the dispute.

B.  Either party may request arbitration.

C.  The arbitrator's decision shall be final and binding.  Enforcement may be sought through injunction proceedings in an appropriate Court of Common Pleas.  If the arbitration award calls for the payment of money, the award may be filed as a judgment in the appropriate Court of Common Pleas.

D.  The costs of the arbitration shall be borne by both parties equally unless the arbitrator assigns them to one party in his or her award.

F.  The procedural rules of the American Arbitration Association shall apply.

G.  Paragraph VIII.F. notwithstanding, each party is required to furnish the other party with a witness and exhibit list fourteen (14) days prior to the arbitration hearing.  Failure to comply with this paragraph shall preclude the admission of any evidence.

(Doc. 6-2 at 6).[1]

The Defendants in their Memorandum of Law in Support of their Motion to Compel Arbitration and Stay Proceedings (Doc. 6-1) reassert that a valid contract has been entered into by them with the Plaintiff and that the parties, in entering into that contract, also entered into a valid agreement to arbitrate "all work-related disputes."  Defendants quote the "positive assurance test" set forth in *AT&T Technologies v. Communications Workers of America*, 475 U.S. 643, 650 (1986) which provides that "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." (Doc. 6-1, at 6).  Thus, Defendants argue Plaintiff's claims in the present action constitute covered disputes under the arbitration provision set forth, *supra*, since the agreement provides that "[a]ll disputes over the terms of this Agreement, or any work-related dispute between the parties, shall be submitted to arbitration in the event it is not resolved among the parties within sixty (60) days from the date of notification of the dispute."[2]

In support of their position, Defendants rely upon Section 3 of the Federal Arbitration Act, which provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such

---

[1] The Agreement in the above quoted § VII omits any section designated as "E".

[2] Defendants erroneously assert that Plaintiff asserted claims under Title VII of the 1964 Civil Rights Act and under 42 U.S.C. § 1981, but correctly assert that Plaintiff has set forth claims for violations of the FLSA and the Pennsylvania overtime provisions of the Minimum Wage Law and the Pennsylvania Wage Payment and Collection Law.

arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

(Doc. 6-1 at 7) (quoting 9 U.S.C. § 3).

Plaintiff, in his brief in opposition to Defendants' Motion to Compel, argues that "courts should only compel arbitration in the absence of any genuine issue of fact concerning the agreement to arbitrate." (Doc. 7, at 5). Plaintiff asserts that "[a] district court, in weighing a motion to compel arbitration, generally reviews the motion under the same standard as summary judgment motions." (*Id.*) (citing *Bitton v. Healthcare Services Group Inc.*, 2019 WL 415570 (E.D. Pa. 2019); *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 159 & n.3 (3d Cir. 2009)). Plaintiff thus states that "[a] court will compel arbitration only when there is 'no genuine issue of fact concerning the formation of the agreement' to arbitrate, and the court 'must consider all evidence provided by the party opposing arbitration and draw all reasonable inferences in that party's favor.'" (*Id.* at 5-6). Citing to *Kirleis*, Plaintiff further asserts that in determining whether a valid arbitration agreement exists, courts look to ordinary state-law principles of contract formation. (*Id.* at 6). Plaintiff argues that, in light of the case law cited, Defendants' motion must be denied where "there are clearly more than sufficient disputes regarding the validity and applicability of the arbitration agreement at issue. . . ." (*Id.* at 6).

Plaintiff additionally argues that the Motion to Compel Arbitration should be denied because the "underlying contractual agreement containing the arbitration clause is void due to failure of consideration." (Doc. 7, at 7).

In support of his position, Fox asserts factual contentions that are not pleaded in his Complaint but which specifically deny that Defendants, as consideration for his entry into the Agreement in question, was offered a promotion to sales manager. Accordingly, the Plaintiff argues that the Defendants have not shown what the Plaintiff describes as a "necessary element for contract formation", i.e. consideration. (*Id*. at 7-8).

In addition, Fox argues that the Agreement containing the provision for arbitration of work-related disputes is void due to "procedural unconscionability." (*Id*. at 8). The Plaintiff argues that "Defendants induced Plaintiff into executing the Agreement without disclosing the entirety of the Agreement to him, most importantly, the section of the Agreement containing the arbitration clause was not given to Plaintiff for review and Defendants did not give Plaintiff the opportunity to review the documents presented to him." (*Id.* at 8)

Plaintiff, in support of his unconscionability argument, further argues that he was "given an incomplete document to sign that did not include the challenged arbitration clause that he was told he needed to sign in order to work." (*Id*. at 9). Plaintiff also argues that the agreement attached to Defendants' Motion asserts in the very first paragraph thereof that it consists of four pages and that each page has a "spot" for the parties to initial which Plaintiff asserts are patently incorrect assertions on review of the document itself, which consists of

eight pages and contains no page-by-page provision for initialing by the parties.  Plaintiff

concludes by arguing that "it is clear that Plaintiff was given an incomplete agreement to

sign, that Defendants took steps to conceal the entirety of the agreement to obtain Plaintiff's

assent, and improperly pressured Plaintiff to sign the agreement without reviewing it by

telling him it was paperwork required for him to continue working."  (*Id*. at 10).

Plaintiff concludes his brief by contending that he has presented "the requisite factual

disputes regarding the validity of the underlying arbitration agreement at issue in order to

defeat Defendants' motion."  (Doc. 7, at 10).

### III. ANALYSIS

In *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764 (3d Cir. 2013), the

Third Circuit clarified the standards to be applied to motions to compel arbitration,

specifically explaining the circumstances when District Courts should apply the standard for

a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and when the District Courts should

apply the summary judgment standard of Fed. R. Civ. P. 56.  The Court began by

acknowledging the long-standing rule that arbitration is a matter of contract between the

parties and that "a judicial mandate to arbitrate must be predicated upon the parties'

consent."  *Guidotti*, 716 F.3d at 771 (citing *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.,

Ltd.*, 636 F.2d 51, 54 (3d Cir. 1980)).  Further, the Circuit Court noted that the Federal

Arbitration Act, 9 U.S.C. § 1, *et seq.*, while providing for the enforcement of a contract to

arbitrate, "requires that a court shall be satisfied that the making of the agreement for

arbitration . . . is not an issue before it orders arbitration." *Id.* (internal quotation marks omitted). The Court also noted that, in accordance with *Par-Knit Mills,* "the party who is contesting the making of the agreement has the right to have the issue presented to a jury." *Id.*

The *Guidotti* Court then explained the circumstances in which a motion to compel arbitration may be addressed through a motion made pursuant to Rule 12(b)(6) as well as when the matter should be resolved pursuant to Rule 56. The Court succinctly explained the appropriate use of these Rules in determining the arbitrability of a dispute as follows:

> To summarize, when it is apparent, based on "the face of a complaint, and documents relied upon in the complaint," that certain of a party's claims "are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay." [*Somerset Consulting, LLC v. United Capital Lenders, LLC,* 832 F.Supp.2d 474, 482 (E.D.Pa. 2011)]. But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then "the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question." *Id.* After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard. In the event that summary judgment is not warranted because "the party opposing arbitration can demonstrate, by means of citations to the record," that there is "a genuine dispute as to the enforceability of the arbitration clause," the "court may then proceed summarily to a trial regarding 'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same,' as Section 4 of the FAA envisions." *Id.* (quoting 9 U.S.C. § 4).

*Guidotti*, 716 F.3d at 776.

The principles set forth in *Guidotti* for determining whether an agreement to arbitrate

a dispute has been entered into by the parties have been uniformly followed.  Thus, in *Singh*

*v. Uber Technologies, Inc.*, 939 F.3d 210 (3d Cir. 2019), the Court reiterated the rules for

determining the appropriate standard – the motion to dismiss standard or the summary

judgment standard – to be utilized in determining whether a party's claims are subject to

arbitration.

> We held [in *Guidotti*] that the motion to dismiss standard applies to a motion
> to compel arbitration where a party's claims are subject to an enforceable
> arbitration clause – that is, where the existence of a valid agreement to
> arbitrate between the parties is apparent from the face of the complaint or
> incorporated documents. But if the complaint and its supporting documents
> are unclear as to whether the parties agreed to arbitrate, or if the plaintiff has
> responded to a motion to compel arbitration with additional facts sufficient to
> place the agreement in dispute, a restricted inquiry into factual issues [is]
> necessary. The motion to compel arbitration is judged under a summary
> judgment standard if it is renewed after this inquiry.

939 F.3d. at 216 (internal citations and quotation marks omitted).

Similarly, in *In re Rotavirus Vaccines Antitrust Litigation*, the Third Circuit ruled that

the District Court, in denying Defendant Merck's motion to compel individual arbitration and

stay proceedings of a putative anti-trust class action lawsuit, properly declined under

*Guidotti* to apply the Rule 12(b)(6) standard "because it is not apparent from the Complaint

that Plaintiffs' claims are subject to the PBG Contracts' arbitration provisions."  789 F. App'x.

934, 937 (3d Cir. 2019).  However, the Court of Appeals added that the District Court

"should have allowed the parties to engage in limited discovery before applying the

summary judgment standard."  *Id*. at 938.  The Court thus concluded that "[b]ecause

arbitrability is not apparent on the face of the Complaint, limited discovery on the issue of arbitrability is appropriate, after which Merck may file a renewed motion to compel arbitration." *Id*.

District Courts which have been confronted with motions to compel arbitration have also strictly adhered to the standards adopted in *Guidotti*. *See e.g.*, *Dotson v. Atl. Credit & Fin., Inc.*, 2019 WL 5394837 (D.N.J. 2019) (adopting Magistrate Judge's Report and Recommendation and denying motion to compel arbitration where "Plaintiff's complaint does not reference the agreement containing the arbitration provision and arbitrability between the parties is ambiguous on the face of the Complaint and the documents relied upon therein." *See also, Zirpoli v. Midland Funding LLC*, 2021 WL 2826720 (M.D. Pa. 2021) (Court having previously denied motion to compel arbitration without prejudice where it was not apparent from the face of the complaint that plaintiff's claims were subject to a valid and enforceable arbitration agreement and ordered limited discovery, thereafter denied a renewed motion to compel arbitration because defendant lacked privity with plaintiff in the absence of a valid assignment to plaintiff).

The two-step analysis set forth in *Guidotti* for determining the validity of a motion to compel arbitration was also employed by the District Court in *Hrapczynski v. Bristlecone, Inc.*, 2021 WL 3209852 (E.D. Pa. 2021).  There, Defendant Bristlecone offered to employ the plaintiff as a Project Manager as set forth in a two-page Employment Agreement which included an arbitration provision.  Plaintiff brought an action alleging Defendant Bristlecone

violated the ADEA, ADA, Title VII, and PHRA, and Bristlecone filed a motion to compel

arbitration and to dismiss plaintiff's complaint under Rule 12(b)(6).  The District Court

determined that the Rule 12(b)(6) standard applied to Bristlecone's motion to compel

arbitration because Bristlecone relied "solely on the Complaint and the arbitration provision

contained in the parties' Employment Agreement. "  *Id*. at *4.  The Court then found the

Employment Agreement and the arbitration agreement within it to be valid "because

Hrapzynski accepted the terms and conditions of the Employment Agreement by signing the

Agreement and working for Bristlecone for nearly seven years."  *Id*.

Here, the Defendants' Motion to Compel Arbitration cannot be decided under the

motion to dismiss standard of Rule 12(b)(6).  First, it is not apparent on the face of Plaintiff's

Complaint that the Plaintiff's claims "are subject to an enforceable arbitration clause",

*Guidotti, supra*, at 776.  Indeed, Plaintiff's Complaint contains no reference whatsoever to

an employment agreement and arbitration provision generally or to the "Non-Compete and

Confidential Information Agreement" (Doc. 6-2) which Defendants submitted in support of

their Motion to Compel Arbitration.

Rather, Fox has responded to Defendants' Motion to Compel Arbitration "with

additional facts sufficient to place the agreement to arbitrate in issue," *Guidotti, supra*, at

776.  Specifically, the Plaintiff, in his brief in opposition to Defendants' Motion to Compel

Arbitration, argues that the Defendants have not shown that a valid contract was entered

into by Plaintiff with Defendants, asserting that Defendants' "factual averments as they

relate to consideration are fundamentally false, as Plaintiff was never offered a promotion to Sales Manager and never accepted such a position." (Doc. 7 at 7). Plaintiff goes so far as to argue that Defendants' arguments regarding the existence of consideration for the Non-Compete and Confidential Information Agreement were erroneously asserted by the Defendant, having been borrowed "from a similar but separate lawsuit involving individuals not a party to the present suit." (*Id*.). Plaintiff flatly asserts that he was employed as an electrician at all times relevant to his Complaint.

Further, Plaintiff asserts that he was induced to execute the Non-Compete and Confidential Information Agreement by Defendant who failed to disclose the entirety of the Agreement to him, and in particular, the provision requiring the arbitration of "all work-related claims." Thus, Plaintiff argues that he was "given an incomplete document to sign that did not include the challenged arbitration clause that he was told he needed to sign in order to work." (*Id*. at 9). Fox buttresses this argument by asserting that the first paragraph of the Agreement in question notes that the Agreement consists of four pages and that each page has a provision for initialing by the parties. Instead, Plaintiff argues, the agreement produced by the Defendants consists of seven pages with no provision on each page for initialing by the parties. In essence, Plaintiff alleges that he was fraudulently induced to enter into an agreement which was incomplete in its text such that the agreement to arbitrate was concealed from him.

In such circumstances, it is the case that "the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue." *Guidotti*, 716 F.3d. at 776.  Accordingly, *Guidotti* instructs that "the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question." *Id*.  Thereafter:

> After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard. In the event that summary judgment is not warranted because the party opposing arbitration can demonstrate, by means of citations to the record that there is a genuine dispute as to the enforceability of the arbitration clause, the court may then proceed summarily to a trial regarding the making of the arbitration agreement or the failure, neglect or refusal to perform the same, as Section 4 of the FAA envisions.

*Id*. (internal quotation marks omitted).

## IV. CONCLUSION

For the afore-stated reasons, the Defendants' Motion to Compel Arbitration (Doc. 6) will be denied without prejudice subject to renewal upon completion of the limited discovery which the Court will order in connection with this matter as to the issue of whether a valid agreement to arbitrate was entered into by the parties.

With respect to the limited discovery which shall be ordered, the parties shall confer and provide the Court with a joint case management plan which shall propose deadlines for

the completion of the limited discovery contemplated by this Memorandum Opinion and for

the submission of motions by either party for summary judgment pursuant to Rule 56.[3]

A separate Order follows.

Robert D. Mariani
United States District Judge

---

[3] The procedure outlined in this opinion for the resolution of this dispute should not be unfamiliar to Defendants and Defendants' counsel.  In *Benjamin v. KMB Plumbing & Electrical, Inc*., 2020 WL 3963774 (M.D. Pa. 2020), Defendants' Motion to Compel Arbitration through the vehicle of a motion to dismiss was denied in circumstances similar to those present in this case.  Subsequently in that case, Defendants' renewed motion to compel arbitration and stay proceedings was granted after the required limited discovery.  *See Benjamin v. KMB Plumbing & Electrical, Inc*., 2021 WL 2473845.  Remarkably, neither party to this case saw fit to cite to *Benjamin*, even where the initial decision requiring limited discovery was decided on July 13, 2020, well before the Defendants' motion to compel arbitration was filed in the present case.